**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| RODNEY R. SLUSSER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17-CV-197 |
| ) | |
| SHERIFF, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 and 2241 for Writ of Habeas Corpus filed by Rodney R. Slusser, a pro se prisoner, on March 6, 2017. For the reasons set forth below, the Court **DENIES** the habeas corpus petition **WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

DISCUSSION

Slusser is being held in the Starke County Jail as a pre-trial detainee. He is again asking to be released and the charges against him dismissed. In *Slusser v. Superintendent*, 3:16-CV-607 (N.D. Ind. filed September 12, 2016), he was told that "[o]rdinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel. Stevens v. Circuit Court of Milwaukee County*, 675 F.2d 946, 947 (7th Cir. 1982). He

was told that the exception to that general principle is for some double jeopardy claims.

Taking that as a cue, he now claims that it is double jeopardy to charge him with both felony and misdemeanor resisting arrest. It is not. Jeopardy does not attach until the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 35 (1978). Slusser makes clear that he has not yet been brought to trial. Therefore this case does not present a double jeopardy claim.

Though he also attempts to re-argue the grounds raised in his prior petition, as before, those are questions to be resolved in the first instance by the State trial court or the State Appellate Courts – not this court. Thus, to the extent that Slusser believes that he has a viable defense to the charges against him, he needs to first present those claims to the State courts – at trial, on appeal, and ultimately to the Indiana Supreme Court. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Therefore this petition will be dismissed without prejudice. Then, after he has properly presented his claims to the Indiana Supreme Court, he may return to this court and file another habeas corpus petition challenging the conviction, if necessary.

CONCLUSION

For the reasons set forth above, the Court **DENIES** the habeas corpus petition **WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.


**DATED: March 10, 2017**                    /s/Rudy Lozano, Judge
                                             **United States District Court**

3